I wish to thank the court for the honor of being permitted to speak today. My opponents in this matter claim the Tax Injunction Act forbids my having my complaint that the government taxing a citizen for more than the citizen possesses exceeds the taxation authority by that government in federal court, and I do not believe that that was dismissed correctly by the lower court for these reasons. The tax seeks to bar preemptory challenges to taxes, and it leads citizens to pay the tax first and then argue about it later in court. While the taxes in question here are largely retroactive, going back to 2006, the City is seeking to readjust taxes that I've paid as much as 11 years ago. Secondly, the plain and speedy remedy that the Tax Injunction Act says must be available to me in order to bar the case from being heard in federal court is not in fact available to me. There's an October 24th deadline each and every one of those past 11 years by which a citizen has to file a suit in state court or lose their chance to be heard. If I were to bring this matter to a state court, it would be dismissed as being untimely. Next, in direct marketing versus brawl, the Supreme Court in 2014 ruled that the Tax Injunction Act does not in fact bar cases that would merely seek to inhibit the levying assessment or collection of taxes, but in fact remanded and reversed a Tenth Circuit decision by claiming that the Tenth Circuit, by deciding that the Tenth Circuit, had overly broadly defined the word restrain, as used in the TIA. The Supreme Court, and in a concurring decision by Justice Ginsburg, it was pointed out, said restrain means to stop or nearly so, not to merely inhibit. My case affects a portion of the tax paid by the homeowning segment of the poorest New Yorkers. In other words, a slice of a slice of a slice of the population. It's so de minimis that it would harm the defendant in no way at all. The city's budget is $80 billion a year. My case is nothing if not the very definition of what the Supreme Court meant by inhibit, rather than to stop the collection of a tax. And as far as assessment and levying, my case has nothing to do with stopping the city from doing that. It merely seeks a remedy where some sort of a safety net would be put, where citizens would not actually be taxed right out of their home. I'm about to have my home unfairly seized because of the complete impossibility to meet the demands by the city of New York. With their, just in the last 48 hours, the tax went up again. It was a 270% increase. Now it's gone up another 100% in the last 48 hours. I cannot meet this demand by the city. And I am going to have my house seized in violation of the Fourth Amendment. The founding fathers made it clear in the Constitution the sanctity that they gave to a person's home and the difficulty that they wanted the government to have in seizing a person's papers effects. In this case, I am going to lose my home, my possessions, and since I have a home office, my livelihood. And because the government assists me in the outrageously expensive medications that are necessary to keep me alive, I will no longer be eligible for that should I be forced to rapidly sell my house. So any proceeds from the sale of the house will go to pharmaceutical companies. So I'll be homeless, jobless, I'll have no possessions, no house. This, to me, exceeds the taxing authority of the government. Thank you, Mr. Carnevale. And thank you, Your Honor. Please, there is some time. Thank you very much. Good afternoon, Your Honors. My name is Joshua Sivin, counsel for the New York City Department of Finance and the City of New York. The very limited issue on this appeal is whether the district court has properly dismissed the complaint in this action based on the Tax Injunction Act. The district court properly found that the Tax Injunction Act may be invoked when two conditions are met. One, that the charges complained of constitute taxes. And two, that the state provides adequate state law remedies. Here, there's no question that the property taxes that Mr. Carnevale is complaining of constitute taxes within the meaning of the Tax Injunction Act. And both the Second Circuit and the United States Supreme Court have both found that New York provides adequate state law remedies. But what about the point that Mr. Carnevale made that those are not available to him because the statute of limitations has run on things as to which he could not have brought a claim before. Because the taxes had not been assessed on him. Does that serve to deprive him of that right? As a general matter, we certainly have held that New York does it. But what about the specific? Well, I'll make two points with respect to that. One, I'd say that you can't let your remedies lapse and then complain that there are not adequate remedies. Of course, you can't let your remedies lapse if you had a way of claiming those remedies. But if because a mistake was made by the state, and these were not charged at the time, and if it is correct, I don't know if it is correct, that because of that, the statute of limitations in New York would bar him from raising that, then why isn't that in effect a failure to make available any way that he can challenge it? The first point I'll make is that the taxes that he's complaining of do not go back ten years. That just is not correct, and there's nothing in the record saying that that is the case. And the second point I'll make is that- What are the taxes he is complaining about? The ones that are currently being assessed? That's correct. And as to those, he can raise the thing. The statute has not, or at least if it's run, it's his doing because he knew of it. That's correct, Your Honor. And I guess the other point I'll make is that- So you're not saying that the statute of limitations was running against him despite his not having been assessed for those deficiencies? I'm sorry, Your Honor, could you repeat that? You are not saying that the statute of limitations ran against him so that he was, so that he is now at the time of instituting this action too late, notwithstanding the taxes not having been assessed against him for the deficiency? I'm not saying that, Your Honor. So you're saying that he has had plenty of time to bring the actions in state court? He could have brought an action in state court immediately upon receiving a tax bill that he thought was improper. And how much time did he have after receiving such a tax bill? Well, for each year, Mr. Carnevale is correct that you can challenge your taxes. By October 24th of the year for the property taxes for that particular year. However, in this case, Mr. Carnevale is seeking a declaration that the government may not impose taxes that are beyond his means. And that is a declaration which he can certainly try and get in state court through a declaratory judgment action. And I wouldn't think that there is a bar, a statute of limitations bar or any other bar. So you're saying that one must bring the claim prior to October 24th, regardless of when an assessment is made against you by reason of a deficiency? I mean, if an assessment is made by reason of a deficiency on October 23rd, that would leave you only a day or less to bring the action before October 24th. The properties are assessed once a year, and it's based upon that assessment that- When is the property assessed in relation to October 24th? My understanding, it's not part of the record, but my understanding is that it's at the beginning of the year. That must be a document that whether it is part of a record or not, we can take judicial notice of. I would like to know when these assessments were made, and how much time after the assessments were made, Mr. Carnevale had to raise the issue. Your Honor, the point I'll make there is that Mr. Carnevale is seeking a prospective ruling. Well, he's seeking several things. And he is pro se, and so we must read what he is seeking broadly. In so far as he is seeking something prospective, I hear you. But in so far as he is seeking something else, I really would like to know how much time he had to raise his claims, whatever their merits were, in state court so that we know whether the small point, whether the Tax Injunction Act applies, in fact applies. Let me just add something to Judge Calabrese's question, which is, I'm not quite sure what you mean by, you used the word, when the property is assessed, is that the same thing as assessing a tax, demanding a tax by virtue of insufficient payment? What do you mean? I mean, is the assessment of the property simply a document that says your property is assessed to have a value of X thousand dollars, or is it a document that says you owe so much in tax that you need to pay now? It's a document that shows the assessed value of the property. And it also indicates whether there are any exemptions that apply to the property. But it doesn't tell you that you're required to pay a tax? And it will state what the tax will be going forward for the year. And yes, I believe that it does indicate an amount that is owed as well. But here- Let me be clear. Yes. It says, this is the assessment, this is the time, and you are going to have to pay by such and such a date so much. Is that what you say it says? I believe that's the case, Your Honor, yes. I believe that's what it says. We want to know. Does it say you must pay this tax, such and such an amount in tax? Your Honor, I believe that there are two documents. One which shows that the property value, the amount of the assessment, and then separately you will receive a tax bill which indicates how much you owe. In that case, I would like to get from you precisely what these things, which you say you believe are, and what the dates of those are. When those were given, sent in the proper way to Mr. Carnevale in relation to the October 24th date by which he had time to do it. I'd like to see that. Your Honor, I will try and find that for you, but I'll make one other point before that. Mr. Carnevale is challenging the constitutionality of his taxes. And there is an exception to this October 24th deadline where you are challenging the constitutionality where you may bring a declaratory judgment action under CPLR section 3001. And you are not barred by the October 24th deadline in order to bring that action. So here I would submit that despite the October 24th deadline for challenging pursuant to an article seven proceeding under the real property tax law, Mr. Carnevale has a much longer statute of limitations under CPLR 3001 in order to challenge the constitutionality. What is that statute of limitation? I believe that it would be at least three years. All right, Mr. Sivin, perhaps you could help us by submitting by tomorrow afternoon the documents which you indicated you have access to in which Judge Calabresi and Judge LaValle expressed an interest. Yes, Your Honor. I will do so. Thanks very much. And we'll hear now from Mr. Carnevale, who is reserved two minutes. Thank you, Your Honors. I've paid every tax in full and on time since 2006, and when I first learned the city was going to revise what they wanted from me in real estate taxes going back, Mr. Sivin, I believe is incorrect, going back to 2006, an amount of $11,000, which is more than I happen to have. The alternative to paying money, which I do not have, is the seizure of my home. Actually, specifically, they sell the right to a third party who can then sell a house out from under me. I could not have met that October 24th deadline each and every year for something that I did not learn about until 2016. And yes, the instant case does involve both a safety net for not just myself, but people in my situation going forward, but also for those retroactive taxes that the city first informed me about in 2006. I mean, 2016. And I am hoping to bring it to the federal courts because I do believe that it violates my federal constitutional rights to be taxed for more than I possess or suffer the loss of my home and my possessions. But Mr. Carnevale. Yes. You must understand that state courts also are charged with protecting your federal constitutional rights. I do understand that. So if you can go to a state court and raise the federal constitutional right, then under the Tax Injunction Act, you must do that, and we can't help you. Not because we aren't interested in those rights, but because another jurisdiction can do it. It isn't only federal courts that protect federal rights. I understand, Your Honor. So may I ask a further question to Mr. Sivan? You said that for constitutional challenges, there was a three year statute. So taking into account any tolling that might be applicable because of the time when this challenge was being raised in the federal court, is he still in time to raise these issues before a state court? Your Honor, first of all, I'm not certain about the three year. I don't want to misrepresent anything to the court. But as I mentioned earlier, the taxes- Never mind the three years. Is he in time? Can he still raise these issues in a state court? He may seek a declaratory judgment action in state court, raising the issues that he has raised here. He's not untimely? I don't believe so, no, Your Honor. Oh, and how long will that be so? Does he have like two months to three months, six months to raise these issues in state court without being untimely? Again, I'm not certain what the statute of limitations would be for this- But give me a minimum. I mean, can one say with confidence that he has two months in which he can still raise it in state court without being untimely? I would say that with confidence, yes. Now, be careful. We are asking you to make a statement that Mr. Carnevale can use to bind you and the state, if he raises that in state court and the state then says, oh, there is no statute of limitation. You are making a statement before the court to the effect that he can raise it there. And I don't want to misrepresent anything to the court. And as I previously said, I'm not certain what the statute of limitations would be, but I would believe that he would have time to raise these issues in state court. Whether they're valid is another issue. I think we would have plenty other defenses. We're not talking about validity. We're talking about timeliness. Can we count on the proposition that for two months from now, he can raise those issues in the state court without the state claiming untimeliness and without his having to face an issue of whether he is untimely? Without raising a constitutional objection to the taxes that are being without knowing with certainty the statute of limitations. I don't want to make any misrepresentations. We don't want to put you in that kind of spot. But what we do want to get this information from you and perhaps in consultation with Mr. Carnevale and indeed with your counterparts in the attorney general's office of the state. If you can give us whatever you want to call it. I mean, we're not asking you to give us a definitive legal judgment. We're asking you to give us your understanding of what the limitations periods are. And of course, you can also say that the state will waive that statute of limitations for a certain period of time because the statute of limitations is waivable. If you choose to, I'm not saying you have to, but that is one way of resolving that issue. Now you represent the city of New York. Is that right? That's correct. You don't represent the state of New York. That's correct. Thank you. All right. Thank you both very much. We'll reserve decision.